# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2020

Lyle W. Cayce
Clerk

No. 20-50612
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IVAN IGNACIO MINJAREZ-MOLINA,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50613

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

v.

IVAN IGNACIO MINJAREZ-MOLINA, *also known as* IVAN MINJAREZ-MOLINA, *also known as* IVAN I. MINJAREZ, *also known as* IVAN MINJAREZ, *also known as* IVAN MINJAREZ MOLINA, *also known as* IVAN IGNACIO MINJAREZ, *also known as* IVAN IGNACIO MOLINA-MINJAREZ,

*Defendant—Appellant*.

No. 20-50612

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-cr-2-1

---

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Ivan Ignacio Minjarez-Molina appeals his 30-month within-guidelines sentence imposed following his guilty plea for entry after deportation, in violation of 8 U.S.C. § 1326. He also appeals the concomitant revocation of his supervised release related to his prior conviction for conspiracy to distribute 500 grams of more of methamphetamine, in violation of 21 U.S.C. § 841 and § 846.

Raising one issue on appeal, Minjarez-Molina argues that the recidivism enhancement under § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment or found by a jury beyond a reasonable doubt. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Minjarez-Molina concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Minjarez-Molina's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief. Consequently, he has abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir.1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.